In the Matter of the Probate of the Last Will and Testament of JEANNETTE SPEAR, Deceased, as a Will of Real and Personal Property. JOHN R. NIESLEY, Named as Executor in the Last Will of JEANNETTE SPEAR, Deceased, Appellant, Respondent; EMIL FORSTER, as Administrator, etc., of ANTOINETTE FORSTER, Deceased, and EMMA KIYLER BISHOP, Respondents, Appellants.— In a contested probate proceeding, three questions were submitted to the jury (4, 5 and 6) which, in substance, are: (4) did the deceased possess testamentary capacity at the time of the execution of the paper writing; (5) was deceased at that time free from restraint; and (6) was the paper writing caused or procured by fraud, deceit or undue influence. The jury answered " No " to questions 4 and 5 and " Yes " to question 6. Proponent moved to set aside the verdict as to the three questions and to admit the will to probate. The surrogate granted the motion as to questions 5 and 6, and otherwise denied the motion. Proponent appeals from the resettled

decree, except in so far as it grants his motion to set aside the verdict as to questions 5 and 6. Contestants appeal from so much of the same decree as grants proponent's motion to set aside the verdict as to questions 5 and 6 and allows costs to proponent payable out of the estate. In our opinion the evidence was insufficient to support the finding that the deceased lacked testamentary capacity at the time she executed her will. We are also of the opinion that there was no evidence that the deceased was not free from restraint at the time she executed her will or that the will was caused or procured by fraud, deceit or undue influence. Therefore, the surrogate erred in denying the proponent's motion to set aside the verdict as to question 4, and in denying proponent's motion to admit the will to probate. The surrogate also erred in submitting to the jury questions 5 and 6, and this error doubtless influenced the jury's verdict as to question 4. On appeal by the proponent, resettled decree of the Surrogate's Court of Westchester county, in so far as it denies proponent's motion to set aside the verdict as to question 4 and adjudges that the deceased did not have testamentary capacity at the time she executed the paper writing, that said paper writing bearing date November 17, 1938, is not the will of the deceased and denies probate thereof, and awards costs to the contestants, reversed on the law, with costs to proponent, payable out of the estate of Jeannette Spear, deceased, and the motion to set aside the verdict as to question 4 granted. The matter is remitted to the Surrogate's Court of Westchester county to enter a decree admitting the will to probate. On cross-appeal by contestants, the resettled decree, in so far as appealed from, is unanimously affirmed, without costs. Appeal by proponent and cross-appeal by contestants from the original decree dismissed. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur. Settle order on notice.